UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CYNTHIA SCRUGGS,            )
                            )
    Plaintiff,              )
                            )
        v.                  )    NO.  3:07-0923
                            )
TRW AUTOMOTIVE U.S. LLC,    )    Judge Echols/Bryant
                            )
    Defendant.              )

## MEMORANDUM AND ORDER

Plaintiff Cynthia Scruggs has filed her Motion to Amend (Docket Entry No. 22) seeking leave to amend her complaint. Defendant has filed its memorandum in opposition (Docket Entry No. 24), and plaintiff has filed a reply. (Docket Entry No. 26).

For the reasons stated below, plaintiff's motion for leave to amend is **DENIED** in part and **GRANTED** in part.

## Analysis

The initial case management order (Docket Entry No. 13) entered in this case on November 16, 2007, established February 28, 2008, as the deadline for filing motions to amend the pleadings. During a scheduled telephone case management conference conducted with the undersigned Magistrate Judge on April 23, 2008, counsel for plaintiff orally moved to reopen and extend the period for amending the pleadings to allow the plaintiff to (1) increase the amount of plaintiff's damages demand and (2) add factual allegations in support of plaintiff's existing claims. Counsel for plaintiff stated that plaintiff did not intend to add new legal

claims or causes of actions in her requested amendment. Following this statement, counsel for defendant stated that defendant did not oppose plaintiff's amendment for these limited purposes. The court thereupon reopened and extended the period for amending pleadings to May 1, 2008. (Docket Entry No. 21).

Plaintiff's motion for leave to amend her complaint seeks leave to assert all statutory claims included in the original complaint, as well as additional claims "under Title VII of the federal Civil Rights Act of 1964 (Title VII); under the federal Civil Rights Act of 1991 (CRA91); the federal Fair Labor Standards Act; and/or federal Equal Pay Act." (Docket Entry No. 22-2, para. 9).

Defendant opposes plaintiff's proposed amendment on two grounds: (1) plaintiff's counsel's representation that her proposed amendment would add no new legal claims or causes of action, and (2) the futility of amending to add claims under Title VII, the Fair Labor Standards Act ("FLSA"), the Equal Pay Act and the Civil Rights Act of 1991. (Docket Entry No. 24).

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that courts "should freely give leave [to amend pleadings] when justice so requires." Despite this liberal standard, an amendment may not be allowed if it would be futile; that is, if the amended complaint could not withstand a Rule 12(b)(6) motion to

2

dismiss.  See Sinay v. Lawson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir. 1991).

## Plaintiff's Title VII Claim

Plaintiff seeks to add a new claim under Title VII.  Title VII requires that a plaintiff first file an administrative charge with the EEOC as a prerequisite to filing a lawsuit based on Title VII.  42 U.S.C. § 2000e-5.  Plaintiff's proposed amended complaint does not allege that she has filed an EEOC charge, and it does not otherwise appear from this record that she has satisfied this requirement.  Accordingly, the undersigned Magistrate Judge finds that plaintiff's claim based upon Title VII would be subject to dismissal under Rule 12(b)(6), and that her proposed amendment to add a Title VII claim would be futile.

## Plaintiff's FLSA Claim

Plaintiff seeks to add a claim that the disparate treatment in payment of wages, as alleged in the original complaint, violates the FLSA.  The FLSA, 29 U.S.C. § 201, et seq., requires employers to pay non-exempt employees no less than the minimum wage (§ 206); requires employers to pay overtime compensation for hours worked in excess of 40 hours per week (§ 207); and prohibits employers from discharging or discriminating against an employee who has filed a FLSA complaint (§ 215(a)(3)).  In her proposed amended complaint, plaintiff has not alleged facts

3

supporting any of these violations, and, therefore, her claim under the FLSA is subject to dismissal under Rule 12(b)(6), and futile.

### Plaintiff's Claim Under the Equal Pay Act

The Equal Pay Act, 29 U.S.C. § 206(d), prohibits an employer from discriminating "between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ."

In her original complaint and her proposed amended complaint, plaintiff does not allege that her hourly rate of pay was less than her male co-employees with similar responsibilities. Instead, she complains that the work assignments given to her caused her to "perform[] more work than others in the same department working in jobs of equal skill, effort, and responsibility, who were supposed to be earning the same wage . . . ." (Docket Entry No. 22-2, para. 6). From her pleadings, plaintiff's claim is one of pure "workload discrimination;" that is, she does not claim that her hourly rate of pay was less than her male counterparts, or that she was required to work more hours per pay period than her male counterparts. Instead, she claims that the unfair and disproportionate work assignments she received required her to work harder while at work than her male

4

counterparts.  Claims of "workload discrimination" have been held not to state a claim under the Equal Pay Act.  See Berry v. Board of Supervisors of L.S.U., 715 F.2d 971, 976-78 (5th Cir. 1983).  See generally Grant v. General Motors Corp., 908 F.2d 1303, 1311 (6th Cir. 1990)(Equal Pay Act claim properly dismissed "because of the plaintiff's concession that she always received the same compensation as her male colleagues for the jobs she performed"); Bence v. Detroit Health Corp., 712 F.2d 1024, 1027 (6th Cir. 1983)("The Equal Pay Act, however, only commands equal pay for equal work.  It does not command an employer to give absolute numerical recognition to the balance-sheet significance of the equal work efforts of male and female employees.")

Since in this case plaintiff apparently concedes that her hourly rate of pay was the same as her male counterparts, the undersigned Magistrate Judge finds that her proposed amended complaint fails to state a claim under the Equal Pay Act and, therefore, is futile.

### Plaintiff's Civil Rights Act of 1991 Claim

Plaintiff seeks to add by amendment a claim under the Civil Rights Act of 1991.  Defendant asserts that the Civil Rights Act of 1991 did not create a new cause of action separate from Title VII, but instead amended Title VII to refine certain remedies afforded and to authorize trial by jury.  (Docket Entry No. 24, p. 6).

"After further research" and "to further attempt to avoid 'muddying the water' unnecessarily," plaintiff in her reply seems to abandon her request to add new federal statutory claims. (Docket Entry No. 26, pp. 1-2). She seeks, alternatively, leave to make a "more limited amendment" restricted to increasing the amount of her damages claim and adding factual allegations in support of her original statutory claims. Based upon plaintiff's reply, the undersigned Magistrate Judge finds that plaintiff has withdrawn her motion to amend in order to state a new claim under the Civil Rights Act of 1991.

In conclusion, the undersigned Magistrate Judge **DENIES** plaintiff's motion to amend to the extent that she seeks to assert claims under Title VII, the FLSA, the Equal Pay Act and the Civil Rights Act of 1991. The undersigned **GRANTS** plaintiff's motion to amend to the limited extent requested in her reply. (Docket Entry No. 26).

Plaintiff shall file an amended complaint substituting these amended paragraphs on or before **August 15, 2008.**

The Clerk is hereby directed to **TERMINATE** defendant's motion to ascertain status. (Docket Entry No. 27) as moot.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge